IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JONATHAN CLARIDA,<br><br>*Plaintiff*,<br><br>v.<br><br>FRIEDRICH METAL PRODUCTS CO., INC., NRLJ, INC., NU-MEAT TECHNOLOGY, INC., JOHN SBRAGA, ROBERTO BARILLARI, *and* LAURA FRIEDRICH-BARGEBUHR,<br><br>*Defendant*. | CASE NO.: 1:21-CV-693 |

COMPLAINT AND JURY REQUEST

**NOW COMES** the Plaintiff, Jonathan Clarida, complaining of the Defendants, Friedrich Metal Products Co., Inc. ("FMP"), NRLJ, Inc. ("NRLJ"), Nu-Meat Technology, Inc. ("Nu-Meat"), John Sbraga ("Sbraga"), Roberto Barillari ("Barillari"), and Laura Friedrich-Bargebuhr ("Friedrich-Bargebuhr"), and states the following to be true:

## STATEMENT OF THE CASE

1\. This action concerns Defendants' termination of Plaintiff's employment while Plaintiff was experiencing symptoms of COVID-19 and was seeking a medical diagnosis, in violation of the Emergency Paid Sick Leave Act ("EPSLA") found in the Families First Coronavirus Response Act ("FFCRA").

2\. Each paragraph of this Complaint incorporates all others, and any exhibits to this Complaint are incorporated as though fully laid out herein.

## PARTIES, JURISDICTION, AND VENUE

3\. Plaintiff is a resident of Guilford County, North Carolina and is neither a minor nor incompetent.

4\. Defendant FMP is a former domestic corporation with a principal office in Guilford County, North Carolina.

5\. Defendant NRLJ is a former domestic corporation with a principal office in Guilford County, North Carolina.

6\. Defendant Nu-Meat is a foreign corporation, organized and existing under the laws of the State of New Jersey, with a registered office in Wake County, North Carolina.

7\. Defendant Sbraga is a resident of Florida and is, upon information and belief, neither a minor nor incompetent.

8      Defendant Barillari is a resident of New Jersey and is, upon information and belief, neither a minor nor incompetent.

9      Defendant Friedrich-Bargebuhr is a resident of Guilford County, North Carolina and is, upon information and belief, neither a minor nor incompetent.

10     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises out of the Families First Coronavirus Response Act, PL 116-127, March 18, 2020, 134 Stat 178, the enforcement of which is governed by the Fair Labor Standards Act, 29 U.S.C. § 216(b).

11     This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

>   11.1     Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;
>
>   11.2     N.C. Gen. Stat. § 1-75.4(1)(a), (b), (c), and (d), as Friedrich-Bargebuhr was a natural person present within this State and a natural person domiciled within this State; Defendants Sbraga and Barillari were engaged in substantial activity in this state; FMP and NRLJ were domestic corporations; and/or FMP, NRLJ and Nu-Meat were engaged in substantial business activity within this state at the time service of process was made upon each; and/or

11.3    N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Plaintiff's person or property.

12    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Middle District of North Carolina.

## RELATIONSHIP BETWEEN THE DEFENDANTS

13    FMP is the former legal name of NRLJ, filing to change its name to NRLJ on April 29, 2016.

14    On June 24, 2019, NRLJ was administratively dissolved by the North Carolina Secretary of State for failure to file its annual reports. Upon information and belief, it has not been reinstated.

15    Nevertheless, the company, operating under the name "Friedrich Metal Products Co., Inc. per its website, continues to operate out of its previous location in Brown Summit, NC.

16    Upon information and belief, "Friedrich Metal Products Co., Inc." in its continuing form is an assumed name of Nu-Meat, Friedrich-Bargebuhr, Sbraga, and/or Barillari.

17    Friedrich-Bargebuhr is the last listed President and registered agent of NRLJ prior to its dissolution.

18      Upon information and belief, Nu-Meat employed the drivers, salesmen, and other employees who sold FMP products, had its North Carolina operational base in the same facility as FMP/NRLJ, and was referred to as a "sister company" of FMP/NRLJ by its employees.

19      Upon information and belief, Nu-Meat has an ownership stake in the FMP/NRLJ assumed name.

20      Upon information and belief, Sbraga and/or Barillari were in charge of operations for Nu-Meat and FMP/NRLJ at the time of Plaintiff's employment and Plaintiff believes them to have an ownership stake in the trade name "Friedrich Metal Products Co., Inc."

21      All or some of the Defendants in this matter, or some other party known by the Defendants, has deliberately or carelessly obfuscated ownership of the company or individual(s) operating under the name "Friedrich Metal Products Co., Inc." as of the time of Plaintiff's employment.

## FACTUAL ALLEGATIONS

22      Plaintiff was employed as a welder/fabricator by Defendants from approximately April 2019 through December 30, 2020.

23      Plaintiff was employed by Defendants in Guilford County, North Carolina.

24      Plaintiff performed his work to the legitimate expectations of his employer.

25     On or about December 22, 2020, Plaintiff learned that he may have been exposed to COVID-19 through an interaction with a friend whose significant other had tested positive for COVID-19.

26     Plaintiff, who was experiencing symptoms including headaches, sore throat, and fatigue, informed his employer of his possible exposure to COVID-19 on or about December 22, 2020.

27     Plaintiff's employer instructed Plaintiff to stay out of work to get a COVID-19 test, which Plaintiff did that day.

28     On December 28, 2020, Plaintiff received his test results, indicating that he was negative for COVID-19.

29     Plaintiff informed his employer of his results on December 28, 2020, but Plaintiff's employer instructed him to stay out for the remainder of that day and for the day of December 29, 2020.

30     Plaintiff returned to work on December 30, 2020, where he was informed of his termination before he could begin working.

31     Plaintiff's employer informed him that his employment was being terminated due to the leave that Plaintiff had taken while seeking a medical diagnosis to determine whether he had contracted COVID-19.

## FIRST CAUSE OF ACTION
### FFCRA Wrongful Termination (as enforced by FLSA)

32  Plaintiff was experiencing symptoms of COVID-19.

33  Plaintiff took time off in the total amount of less than two weeks to seek a medical diagnosis to determine whether he had contracted COVID-19.

34  Defendants terminated Plaintiff's employment for taking this time off.

## JURY TRIAL REQUESTED

35  Plaintiff requests a jury trial on all issues so triable.

WHEREFORE, Plaintiff respectfully requests that the Court:

1  Enter judgment in favor of the Plaintiff and against the Defendants on all causes of action alleged herein;

2  Award Plaintiff with damages, including liquidated damages, in an amount to be proved at trial;

3  Tax the costs of this action against the Defendant and award Plaintiff with his reasonable attorney's fees;

4  Grant Plaintiff all equitable relief available to him pursuant to statute; and

5  For all such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 6th day of September, 2021.*

                         **/s/ CRAIG HENSEL**
                         *Attorney for Plaintiff*
                         NC State Bar No. 40852
                         HENSEL LAW, PLLC
                         Post Office Box 39270
                         Greensboro, North Carolina 27438
                         Phone: (336) 218-6466
                         Fax: (336) 218-6467
                         craig.hensel@hensellaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2021, I electronically filed the foregoing Complaint and Jury Request with the Clerk of Court using the CM/ECF system and upon return of the completed SummoGuilns, will serve the following via US Mail, Certified, Return Receipt:

Friedrich Metal Products Co., Inc.
c/o Laura Friedrich-Bargebuhr
6204 Technology Dr.
Brown Summit, NC 27214

NRLJ, Inc.
c/o Laura Friedrich-Bargebuhr
6204 Technology Dr.
Brown Summit, NC 27214

Nu-Meat Technology, Inc.
c/o Incorp Services, Inc.
176 Mine Lake Ct., Ste. 100
Raleigh, NC 27615-6417

Laura Friedrich-Bargebuhr
113 Kemp Rd. E
Greensboro, NC 27410

John Sbraga
2470 Flora Ln.
Punta Gorda, FL 33950

Roberto Barillari
36 Mountainview Dr.
Cedar Grove, NC 07009

/s/ CRAIG HENSEL
*Attorney for Plaintiff*
NC State Bar No. 40852
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
craig.hensel@hensellaw.com